IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
|      Respondent, | | No. CR S-06-0258 KJM DAD P |
|      vs. | | |
| PEGGY KAYE WITTS, | | |
|      Movant. | | FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255. Movant is currently serving a 46-month prison sentence which was imposed following her July 21, 2008 entry of a guilty plea to wire fraud and tax evasion charges pursuant to a plea agreement. (Doc. Nos. 48, 50.) She was sentenced in this court on November 3, 2008. Movant seeks relief under § 2255 based upon her claim that she received ineffective assistance of counsel. Respondent has filed a motion to dismiss, arguing (1) movant's waivers of her right to appeal and to seek collateral relief in her plea agreement bars her from filing a motion seeking relief under § 2255, and (2) her motion is, in any event, untimely under § 2255(f).

////

////

Movant has also filed a "motion to modify the initial custody order," wherein she seeks early release from prison to home detention to serve out the remainder of her sentence. (Doc. No. 70.)

I.  Movant's Claims

The movant alleges three bases for her ineffective assistance of counsel claim under the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, she claims that her counsel did not adequately consult with her with respect to the pre-sentence report prepared in this action, failed to "take the required time to understand my case," and gave her inaccurate information regarding sentencing. Motion to Vacate (Doc. No. 59) at 4. She further alleges that her pre-sentence report contained "several gross inaccuracies" that "were known to my legal counsel and not challenged or corrected prior to my sentencing." Id. at 3.

Second, movant alleges that her counsel should have moved to recuse the district judge assigned to her criminal case "due to the judge's lack of impartiality due to personal experience" with an employee who had embezzled money from him, a crime similar to one to which movant pled guilty. In this regard, she claims that "my legal counsel should have insisted on another judge to impose sentence." Id. at 4.

Third, movant broadly alleges that her counsel was inattentive to her case. She states, "[h]e did not return my calls, lost my paperwork, had two known surgeries and two trips across the United States on family matters." Id. She believes these "distractions" compromised her legal representation which fell below the standard required by the Sixth Amendment.

A.  Effect of movant's waiver of the right to appeal

There is no dispute that the movant, as a criminal defendant in this court, pled guilty and, as part of her plea agreement, waived her right to appeal her conviction. Mot. (Doc. No. 67), Ex. 1 at 13. She also waived her right to seek collateral relief under § 2255. Id. at 14. However, as the government acknowledges, such waivers are not absolute. In this regard, the government concedes that "a defendant may not be able to 'waive a claim of ineffective

assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain.'" Mot. (Doc. No. 67) at 4 (quoting United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). The government argues, however, that the holding in Pruitt does not apply here because "defendant's allegations of ineffective assistance of counsel do not address inducement to plead guilty or accept a plea bargain." Id.

The court finds that the government's proposed application of the holding in Pruitt is too narrow. First, the suggestion of a Strickland-based exception to plea waivers appears in dicta in that decision. Specifically, the court stated in full that, "We doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." Pruitt, 32 F.3d at 433 (emphasis added). The court in Pruitt did not attempt to resolve the "doubt" that it expressed. Instead, it found that it "need not face this issue" because Pruitt's claim "related only to counsel's alleged mishandling of the sentencing proceeding, not to the plea or the plea agreement[.]" Pruitt, 32 F.3d at 433. The court went on to address the merits of the movant's claim in that case that his counsel had provided ineffective assistance under the Strickland standard during the sentencing phase. Since that decision, the Ninth Circuit has relied on Pruitt more broadly than the government would limit it here. For example, in United States v. Baramdyka, 95 F.3d 840 (9th Cir. 1996), the Ninth Circuit cited the decision in Pruitt for the proposition that "such a waiver does not include claims of ineffective assistance of counsel brought under § 2255" but did not include the "erroneously unprofessional inducement" limitation to the Pruitt exception. Id. at 844.

Accordingly, while the precise parameters of the exception have not been clearly defined, the principle announced in Pruitt must apply, at the very least, to § 2255 claims of the very kind the Pruitt court decided – i.e., to claims alleging ineffective assistance of counsel at sentencing. District courts of this circuit, following the decisions in Pruitt and Baramdyka, have considered several such challenges on the merits despite the undisputed existence of the

3

1  defendant's waiver of the right to appeal or bring a collateral attack under 28 U.S.C. § 2255.
2  See, e.g., Nelson v. United States, Nos. CV 09-0090 AWI & CR 07-0134 AWI, 2009 WL
3  361954 at * 7 (E.D. Cal. Feb. 12, 2009) (addressing on the merits the claim that counsel "failed
4  to assert 'salient factors' in the computation of [movant's] sentence"); Meraz v. United States,
5  Nos. 05 CV 0370 AWI & CR F 04-5401 AWI, 2007 WL 4239510, at *1 (E.D. Cal. Dec. 3, 2007)
6  (addressing on the merits the claim that "'Petitioner's counsel was deficient in not correcting the
7  Probation Department's error in the sentence computation"); Ruiz v. United States, Nos. CV F
8  05-0071 AWI & CR F 02-5101 AWI, 2007 WL 2070339, at *3 (E.D. Cal. July 13, 2007)
9  (addressing on the merits despite the presence of a waiver "Petitioner's impression that her
10 attorney could have done more to challenge and demand proof of all of the facts contained in the
11 PSR [pre-sentence report] . . . or find facts that might mitigate her sentence."); see also United
12 States v. Allen, Nos. 07cv1216 & 06cr0325, 2008 WL 1805815, at *3-5 (S.D. Cal. Apr. 21,
13 2008) (addressing numerous ineffective assistance of counsel claims unrelated to plea
14 negotiations, including counsel's failure to object to allegedly false statements in the presentence
15 report, on the merits in a § 2255 action despite the presence of a waiver).

16          The court finds that movant's first claim, including her allegation that her counsel
17 failed to correct "several egregious errors" in her pre-sentence report, is the same kind of
18 challenge that the Ninth Circuit addressed on the merits in Pruitt and is therefore not barred by
19 the waivers of appeal and collateral attack contained in movant's plea agreement. Movant's
20 second claim, regarding her counsel's failure to move for the district judge's recusal prior to
21 sentencing, also falls within the Pruitt exception inasmuch as it concerns an alleged Strickland
22 violation at the time of movant's sentencing. Finally, movant's third claim is simply a broad
23 allegation that her counsel did not pay adequate attention to her case so as to "provide . . . the
24 proper defense as required by the canons of ethics." Motion to Vacate at 4. As stated above, the
25 precise parameters of the Pruitt exception are not clear, but the Ninth Circuit has since cited the
26 decision in Pruitt for the general proposition that "a waiver [of the right to appeal] does not

include claims of ineffective assistance of counsel brought under § 2255." Baramdyka, 95 F.3d at 844. See also Allen, 2008 WL 1805815, at *1. In light of these authorities, the court finds that even this broad allegation of ineffective assistance of counsel by movant survives the waivers that she entered as part of her plea bargain.

        B.      Timeliness of the motion to vacate

Title 28 U.S.C. § 2255(f) sets a one-year limitations period on the filing of a motion for relief under the statute. The one-year period runs from the latest of:

(1) The date on which the judgment of conviction becomes final;

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) The date on which the right asserted was initially recognized by the supreme court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the government correctly states that subsection (1) applies, and that, allowing for the fourteen-day period for taking an appeal, movant's judgment of conviction became final on November 27, 2008. Therefore, the limitations period for the filing of a motion seeking relief under § 2255 expired on November 27, 2009.

The court received the § 2255 motion in this case on December 30, 2009, thirty-three days after the limitations period expired. However, movant simultaneously filed a notice with the court claiming that she had mailed an original and two copies of her § 2255 motion to the court on October 5, 2009. See Doc. No. 61. In that notice movant expressed her concern that she never received any communication back from the court and, accordingly, she re-submitted to the court a copy of the motion dated October 5, 2009. Id.; see also Motion to Vacate at 6

(showing a date of October 5, 2009, under penalty of perjury). Movant repeats this explanation in her letter of opposition to respondent's motion to dismiss. See Doc. No. 69.

"When a pro se petitioner alleges that [s]he timely complied with a procedural deadline by submitting a document to prison authorities, the district court must either accept that allegation as correct or make a factual finding to the contrary upon a sufficient evidentiary hearing by the opposing party." Faile v. Upjohn, 988 F.2d 985, 989 (9th Cir. 1993), disapproved on other grounds in McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999). A pro se prisoner's sworn declaration as to a motion's timeliness thus "shifts to the opposing party the burden of producing evidence in support of a contrary factual finding." Caldwell v. Amend, 30 F.3d 1199, 1202 (9th Cir. 1994). Here, respondent has not attempted to rebut movant's claim and supporting showing that she originally placed her § 2255 motion in the mail on October 5, 2009, rendering it timely filed. Therefore, the court should accept the motion as timely filed.

   C. <u>Conclusion as to the § 2255 motion</u>

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss the pending motion for relief under § 2255 be denied. Respondent's alternative request for an additional thirty days in which to answer the motion is granted. That extension of time is, of course, contingent on the assigned District Judge's approval of these findings and recommendations. Accordingly, the thirty days in which to answer will commence the day after any order adopting these findings and recommendations is filed.

  II. <u>Movant's motion to modify the initial custody order</u>

Movant has also filed a motion seeking her early release from prison into home detention. See Doc. No. 70. "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). A prisoner who seeks relief under 28 U.S.C. § 2241 must file a separate petition under that statute, thus initiating a wholly new civil

1  action independent from the criminal case in which she was convicted.  Furthermore, any such
2  petition under § 2241 must name the inmate's custodian as the respondent.  See Johnson v.
3  Reilly, 349 F.3d 1149, 1153 (9th Cir. 2003).  The warden of the penitentiary or correctional
4  facility where the prisoner is confined constitutes the "custodian" who must be named in such an
5  action, and the petition must be filed in the district of confinement.  Id.; Rumsfeld v. Padilla, 542
6  U.S. 426, 442 (2004).

7  Movant is confined at the federal prison camp in Dublin, California, which is
8  located in Alameda County.  Alameda County is in the Northern District of California.
9  Therefore, not only must movant file a separate petition under § 2241 in seeking to obtain her
10 early release to home detention, she must file such a petition in the Northern District of
11 California.  This court does not have personal jurisdiction over movant's custodian to order the
12 relief movant seeks in this regard.  See Padilla, 542 U.S. at 442.  Her motion to modify the initial
13 custody order should therefore be denied without prejudice.  See Grigsby v. CMI Corp., 765 F.2d
14 1369, 1372 n.5 (9th Cir. 1985) (dismissal for lack of personal jurisdiction must be "without
15 prejudice").

CONCLUSION

17 Accordingly, IT IS HEREBY ORDERED that respondent's alternative request for
18 an additional thirty days in which to answer the motion (Docket No. 67) is conditionally granted.
19 The extension of time is contingent on the assigned District Judge's adoption of these findings
20 and recommendations and will commence the day after any order adopting is filed.

21 IT IS HEREBY RECOMMENDED that:
22 1.  Respondent's motion to dismiss (Doc. No. 67) be denied; and
23 2.  Movant's motion to modify the initial custody order (Doc. No. 70) be denied
24 without prejudice.

25 These findings and recommendations are submitted to the United States District
26 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 5, 2011.

/s/ Dale A. Drozd<br>DALE A. DROZD<br>UNITED STATES MAGISTRATE JUDGE

hm
witt0258.257